UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESHAWN MAURICE BARCLAY,<br><br>                          Plaintiff,<br><br>-against-<br><br>WEBB, JEREMIAH DARNELL ESTATE, et al.,<br><br>                          Defendants | 23-CV-10272 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated December 12, 2023, the Court directed Plaintiff, within 30 days, to submit a completed request to proceed *in forma pauperis* ("IFP") or pay the $405.00 in fees required to file a civil action in this court. That order specified that failure to comply would result in dismissal of the complaint. Plaintiff has not filed an IFP application or paid the fees. Instead, on December26, 2023, he filed a notice of an interlocutory appeal.[1] (ECF 5.) Accordingly, the complaint is dismissed without prejudice.[2] *See* 28 U.S.C. §§ 1914, 1915.

---

[1] Generally, an application to the Court of Appeals to make an interlocutory appeal must be filed within 10 days after the entry of the order being appealed. *See* 28 U.S.C. § 1292(b). Plaintiff filed the notice of an interlocutory appeal more than 10 days after the Court issued and entered its December 12, 2023 order directing Plaintiff to pay the fees or request that they be waived. Although the notice of an interlocutory appeal was filed after the 10-day deadline, the Clerk's Office transmitted the notice to the Court of Appeals.

[2] The Court retains jurisdiction to consider and dismiss this action, despite the pending interlocutory appeal. Although "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), "[t]he divestiture of jurisdiction rule . . . is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time,'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). The rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (internal quotation marks and citation omitted, alterations in original). Because Plaintiff is attempting to appeal from a non-final order directing him to comply with the fee or IFP requirements to commence this civil action, and because his appeal has not been

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:   March 11, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

certified as an interlocutory appeal by the Court of Appeals, Plaintiff's appeal is frivolous and plainly defective. Accordingly, this Court retains jurisdiction of this action. *See, e.g.*, *Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a non-final order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction).